**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

GURMEJ SINGH                                     CIVIL ACTION NO. 26-0916

VERSUS                                           JUDGE S. MAURICE HICKS, JR.

TODD LYONS, ET AL.                               MAGISTRATE JUDGE WHITEHURST

**MEMORANDUM ORDER**

Before the Court is a Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 2) filed by the habeas petitioner in this case, Gurmej Singh ("Petitioner").  Petitioner is a native and citizen of India who entered the United States in December 2023 without inspection ("EWI"). See Record Document 1 at 2. He was initially detained and subsequently released on his own recognizance pursuant to 8 U.S.C. § 1226(a). See id. Over two years later, in February of 2026, Petitioner was re-arrested by immigration authorities and is presently detained at Jackson Parish Correctional Center. See id. at 2, 5.

On March 23, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (Record Document 1) along with the instant Motion. In his habeas petition, Petitioner challenges the legality of his current detention and seeks immediate release from custody. See id. at 18. Likewise, in the instant Motion, Petitioner seeks substantially identical relief—namely, immediate release. See Record Document 2 at 9. Petitioner frames his claim as a violation of the Due Process Clause, arguing that his re-detention after prior release without a change in circumstances or a pre-deprivation hearing is unlawful. See id. at 3–4.

An applicant for a Temporary Restraining Order ("TRO") must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017).  Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

In this case, Petitioner seeks injunctive relief that mirrors the relief requested in his Habeas Petition, that is, immediate release.  Recently, another judge within this District decided a similarly situated case, stating:

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." Lackey v. Stinnie, 604 U.S. 192, 200 (2025).  In other words, they should not be used to rule on the final, merits question.
> Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered.  Id. at 193. That begs the question: what does it mean to preserve the status quo? While the

words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong. . . . Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." Canal Auth. of the State of Florida v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974); see also Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." Callaway, 489 F.2d at 573.

Pema Sherpa v. Judith Almodovar, et al., No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026).  A ruling on the instant Motion should not resolve the legal disputes in this case.  Thus, to the extent Petitioner asks for an order of immediate release from custody, the Court views this request as an effort to obtain a ruling on the merits of his Habeas Petition through injunctive relief. Petitioner's motion for injunctive relief is essentially a motion to decide the habeas petition now. See Garcia-Aleman v. Thompson, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025).

Moreover, the Court acknowledges that Petitioner's motion addresses his liberty, a paramount natural right.  But context matters in this instance. Petitioner has not demonstrated that preliminary relief is necessary to preserve the Court's ability to render a meaningful decision on the merits. There is no indication in the record that Petitioner faces imminent removal or other circumstances that would render a favorable habeas ruling ineffectual if issued in due course. While the Court recognizes that detention implicates a significant liberty interest, that fact alone does not satisfy the stringent requirements for extraordinary injunctive relief.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 2) is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 24th day of March, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE